IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRUCE D. COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00981-O-BP |
| | § | |
| DEBRA SPISAK and | § | |
| ROSE STEWART, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Bruce Copeland sued Defendants Debra Spisak and Rose Stewart on August 12, 2021 in the Dallas Division of this Court. ECF No. 3. Because the acts and omissions giving rise to Copeland's lawsuit occurred in Fort Worth, United States Magistrate Judge Irma Carrillo Ramirez transferred his case to this Division on August 16. ECF No. 6. On August 30, the Court informed Copeland of his responsibility to perfect service upon Defendants within ninety days of the Complaint's filing. ECF No 9. When Copeland did not demonstrate perfected service within the time required, the Court reminded him of this obligation by Order dated December 13, 2021, and gave him until December 27, 2021 to do so. ECF No. 10. Both the August 30 and the December 13 Orders warned Copeland that noncompliance may result in dismissal of his case without further notice. *See* ECF Nos. 9, 10. Because Copeland has not complied with either Order by showing perfected service upon Spisak and Stewart, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4 provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *See* Fed. R. Civ. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), plaintiffs have ninety days from the date they file their Complaint to demonstrate such service or show good cause why they cannot. *See* Fed. R. Civ. P. 4(m). If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

Here, the Court reminded Copeland of his Rule 4 service obligations on two separate occasions. *See* ECF Nos. 9, 10. Each time, the Court notified Copeland that noncompliance may result in dismissal of his claims against any unserved defendants. *Id.* The Court's December 13 Order gave Copeland a final deadline for compliance of December 27, 2021. ECF No. 10. Copeland did not comply with that Order by demonstrating perfected service as to Spisak and Stewart. Copeland made no other filings in this matter explaining his delay. As of the date of these findings, conclusions, and recommendation, 145 days have passed since Copeland filed this lawsuit. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Copeland's lawsuit **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure to perfect service.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 4, 2022.

                                                                    Hal R. Ray, Jr.
                                                                    UNITED STATES MAGISTRATE JUDGE